Case No. 10-2184, Peoples v. Gibbs v. Cortez Just the appellant. Counselor for the appellant. Thank you, Your Honors. My name is Manuel Cerritos. I'm here for Justice Cortez, State Appellate Defender. Good morning, Counselor. May it please the Court, my name is Manuel Cerritos. I'm here this morning on behalf of Justice Cortez, who appeals his disconviction for aggravated battery of a peace officer while incarcerated in the IDOC. He pled guilty to this offense in exchange for the government's promise of two years that he would receive, and with 353 days credit for time served. Because Your Honors are familiar with the facts. Let's straighten one thing. Was that the government's promise or was that the judge's promise? Because the government, I think of in terms of the prosecuting agency, which would be the Cook County State's attorneys, and of course they don't get into the amount of credit that the defendant will receive upon his plea of guilty. In this case, the judge said it, and we all agree that the judge got it wrong. The question is whether that error on the part of the judge renders the entire sentence that was imposed void. Why does it? You're asking a couple questions. It is the government. According to White, the people, the State of Illinois, the Court, and the defense cannot agree to a sentence that's impermissible according to a law. As to why this should be considered void, because it falls in the parameters of White. Well, let's talk about White, because I read White as not being a decision that discusses void, a void sentence, as much as a decision that discusses and that addresses whether a plea is voluntary. A plea cannot be voluntary if an illegal sentence is imposed, and therefore in White, the Supreme Court said the motion to vacate, the timely motion to vacate, was wrongly denied, or they affirmed, the appellate court, our court, in reaching that conclusion. So White didn't really say when a sentence is void. I would beg to differ, Your Honor. I think the key paragraph of White is paragraph 21. In paragraph 21 of White, the court determined that in the case before it, the sentence was void because it was impermissible according to the law. Likewise, the agreement was void because the defendant, like our defendant, did not receive the proper admonishments. If the central holding in White is about vacating a void sentence, the corollary holding is that you cannot, a defendant cannot agree to a sentence that's not knowing, it's not voluntary. What makes it not knowing and it makes it not voluntary is that he was induced to, this was the bargain, this was the bargain, to a two-year sentence with 353 days credit. Now, that's a significant part of that two-year sentence, 353 days, and that was the inducement. He did not know at the time that it was not according to the law. Because he did not know, it's not knowing. Likewise, it's involuntary because that was the inducement. Well, see, now we're, you're putting forth a number of issues because now you're saying that the plea itself was involuntary, but we all know that, you know, it's long past the time to challenge the plea itself. You have to win, if you win at all, based on voidness. According to Illinois law, Mr. Cortez filed it under 214.01F. Under 214.01F, it's not a question of time. In fact, if I may quote from Vincent, which we cite in our briefs, in the opening brief, page 9, the allegations of voidness substitute for and negate the need to allege a meritorious defense in due diligence. Time is of no consequence. Right. Void is definitely it. I'm just saying that you can't make it involuntary because you're not, you know, there was no timely motion to file to vacate the plea. But this doesn't have anything to do with involuntariness, does it? This has to do with whether or not the sentence is void, right? If it was just involuntary, then you'd have a voidable issue and you'd be out of time. But if it's void because it's an illegal sentence, then it's an illegal sentence and it's void, and we have to start over in some way and get some relief. But let me ask you this. Didn't the State admit in a brief that White stood for the proposition that the sentence in White was void because it didn't include the firearm enhancement and it was below the minimum level including the firearm enhancement? But it's the State's theory and they relied on it. Isn't that what White stands for? I'm sorry. Can you repeat that again? My reading of White and my reading of the State's briefs today is that they agree that White stands for the proposition that if you sentence below the statutory guidelines, then it's a void sentence. And in this case, in the White case, they didn't include the firearm enhancement, so it was void. Isn't that right? That's correct. But it goes more than that. In White, it also found it was not voluntary. The State presented... And that's really why White is a little different because it really was a motion to vacate the plea of guilty based on an illegal or void sentence. And the judge says, you're right. You can't treat a plea as voluntary when the sentence itself was improper. Your Honor, the vehicle does not matter. Void is void. It doesn't matter whether it's a motion to withdraw or to 1401? Well, let's go back to what Justice Palmer asked you, and I think you concurred that if the sentence imposed as in White was lower than what the law permits, then it's a void sentence. But didn't that question, Your Honor... So let me finish mine. And that concerns whether the sentence was lower than the law permits in this case. That can't be true, right? But in this case, as well in White, the offender was not admonished as to the true sentence. In White, there was a corollary holding is that it was not knowing. Likewise in this case. He enters into an agreement that's an illusion. He cannot get that sentence. So it affects both the voluntary and knowingness of the plea. And every guilty plea in this State has to be knowing and voluntary. What if the sentence is imposed, but the calculation in terms of the credit is wrong? Let's say the judge gives him 10 days credit, but he's really entitled to 100 days credit. I mean, the sentence is in void if the sentence, the actual number of years imposed is correct, right? That's a different story because that's a consequence. He's not making a bargain for those 10 days. Here the inducement is the 353 days credit. Is it really the inducement? Yes. Because it seems to me that if he gets the minimum, it may have been an inducement, but it wasn't essential to his plea of guilty to the only charge that he was facing. And when he received the minimum, because there were no other charges, he could have gone to trial. I believe Your Honor is paraphrasing what I could not understand from the State's brief. Benefit of the bargain. Defendant received the benefit of the bargain. He received the minimum. But it's not the minimum if he has to serve that time. Well, actually what happened in this case is that when the judge says, I'll give you two years and I'll give you 353 days credit, he's basically saying you're not going to serve any additional time, right? He's saying it's a wash. It's a wash. I mean, and to look at it from another direction, if he doesn't get that 353 days, then he actually has to serve that two-year sentence. That's the difference. I'm not disagreeing with you. What I'm saying is that I see it as a major incentive because if you say to a defendant, you know what, I'll tell you what, take two years on this, but I'll give you enough credit that you won't actually have to do any additional time. And the guy goes, fine, I'll do that. But on the other hand, if the judge says, I'm going to give you, in this case, if the judge had followed the law and said, I'll give you two years, but you can't have any additional credit, then he's got to do the time, right? That's the difference. That's why it's a major incentive. And maybe that's really where voidness might exist because the judge, in effect, says to the defendant, as Justice Palmer just pointed out, you plead guilty, but you don't do any more time. And, in effect, he's imposing a sentence less than the minimum sentence that's required for an aggravated battery conviction, which is two years. And so maybe that's really where the voidness is. Voidness is not an on and off switch. It's void, ab initio, it's wrong at the beginning, and it's wrong when you find out. It doesn't matter if he received the minimum sentence. It's not what he bargained for. Well, Mr. Cerrito, here's the problem. First of all, I don't think he bargained for it at all. The judge simply offered it to him as an incentive to plead guilty, but he didn't bargain for it. He says, I'm not going to you can offer me two years, but I'm not going to take two years until and unless you give me 353 days credit. He doesn't bargain for that. He simply offered that. And then he says, okay, I'll take it. But my point is that the defendant just doesn't, he's not in any worse position. Or why should he be in a worse position? Simply because the judge makes a miscalculation in terms of the days of credit that he's entitled to. So he's not prejudiced. Well, I'm saying that void is a very serious concept in the law. And it trumps everything. And that's why I'm not so sure that the amount of credit that the judge says I will give you, and if it turns out to be wrong, should render the sentence that was in compliance with the statute for the conviction he pled guilty to, should render the entire sentence void. Because void is a very serious conclusion to reach. Likewise, a guilty plea is a very serious matter. Well, there's no question. But he did plead guilty. And he voluntarily pled guilty. If I understand your position is that the defendant really has no bargaining position. He's over the barrel. He's got the minimum sentence. He has to serve the minimum sentence. So where's the harm? There's no prosecution here. By pleading guilty, he helps the state. If he didn't have to help the state, he could have said, I'll take a trial. Because I don't believe I did it. As he's saying now. And here the problem is that if there's any prejudice, now this prejudice may flow to the state because it's 11 years later. Do they have a complaining witness? Is the complaining witness alive? Is there any way to really prosecute this case 11 years after he pled guilty? That observation, as a double-edged sword, likewise the defendant is so handicapped. The time has passed. The defendant doesn't have a burden at trial. He has the right to defense. And then that defense is somewhat militated through the passage of years. And I just have difficulty. Mr. Serino, you can wrap up. But I just have difficulty in reaching the conclusion that the amount of credit, a miscalculation as to the amount of credit can render the entire sentence void going back to 11 years, 20 years, 30 years. It just doesn't seem to persuade me, I guess. Well, I'll wrap it up this way, Your Honor. Okay. This case is distinguishable from Whitfield. As Your Honors know, Whitfield dealt with MSR as a collateral consequence of a guilty plea. And in Whitfield, the Illinois Supreme Court said for the very first time, defendants should be aware of this collateral consequence. In Morris, we know that this is a new rule that should be applied prospectively. Whitfield MSR, that's a collateral consequence. Here, this was the bargain for inducement. There's a significant difference in that. Let me ask you this. Assuming that we accept the proposition that it's an illegal sentence, is there some other remedy that we as the appellate court can impose, other than letting him go all the way back to the trial court and withdraw his plea? Well, I would say to Your Honor, Santa Bella says, can I get specific performance of your promise, of your plea agreement? You're entitled for the opportunity to withdraw your plea. It's old law, 1971. Well, but is there some other way we can get him his 353 days? That's what I'm asking you, without going all the way back to the beginning. It's impermissible, Your Honor. How about the first case that he was serving? Can we take a year off of that sentence? Well, if you want to try to find an equitable relief, I guess you would have to agree to that. But that's a question I have not thought of. So just so it's clear, if we vacate the plea and the trial can go forward because evidence is available, he will end up in no worse position than he currently stands. Wouldn't that be true? He could be found guilty in this sentence. Short of being found not guilty. Yes. Short of being found not guilty. Because he received the minimum. He's going to get the minimum, but he's not going to get the credit because he didn't really serve the time, unless he's already completed the other sentence by the time this case gets resolved, and then he'll get credit for every day that he spends in custody, which would, on this case, which would be the only thing that would be holding him. Yes, Your Honor. He could be put in that spot again. And where does he stand regarding the other cases? Has he already been released? His 35-year sentence for murder? His projected outdate is 8-24-2014 and discharge is 2017. Is there anything in the record about how this negotiation was had in terms of where the offer came from and who made the suggestion as to the 353 days? Because, you know, my thinking is you would agree with me, wouldn't you, that if he's brought back in, because he's already in custody, he's brought back in and they say, well, let's get, you know, we've got a lot of cases over at 26th Street, but let's get rid of this case. We'll give you two years. I'll tell you what, if you plead guilty, we'll give you two years, but we'll give you enough time credit so that you'll never have to serve an additional day. What do you think? And, you know, he could say, well, you know what, I really want a trial in this. I didn't do this. But if you're telling me I don't have to serve one more day, then fine, let's get it over with. Now, that's certainly a different position, isn't it? Yes. And if that was the case, is there anything in the record about how this negotiation was had? No, Your Honor. Let's make it clear here, though. Negotiations back in 1999 didn't occur at all unless the defendant said, I want to go into the back and talk to the judge about a possible plea. And to that extent, it is the defendant that initiated the conference. True? Do you know what the status is of a 402 conference in 1999? Can it occur? Can it be initiated by the trial judge alone or even by the state alone? I would think not, Your Honor. But the state could make them an offer, though. Does the state ever offer credit for times it hasn't? But the language in white speaks to this. The government, the judge, the defense cannot make a promise, cannot agree to something that's not permissible according to the law. It doesn't matter who brings this up. It doesn't matter if the defendant agrees. Ms. Serino, we're going to give you a couple minutes for rebuttal. Yes, thank you, Your Honor. Thank you. Good morning. May it please the Court, Assistant State's Attorney Sheila O'Grady-Kroniak on behalf of the people of the State of Illinois. In this case, defendant has filed an untimely 214-01 motion asking the Court to specifically enforce the sentencing credit that was part of his plea bargain. In order to avoid the time delay that would automatically defeat his claim, defendant is now raising for the first time on appeal allegations of voidness. However, defendant's claim is still barred where the underlying sentence Let me stop you right there because you seem to suggest that because it's the first time he's raising allegations of voidness, you seem to suggest without actually saying it that it's too late. But, of course, that's not the case. That's not the case. So why bring it up at all if he can raise voidness at any time? Why does it make a difference that he's appellate counsel, able appellate counsel is raising the voidness issue when it doesn't make a difference when it's raised? That's true. Voidness can be raised at any time. However, the problem in this case is that the underlying sentence is not void. Defendant received the statutory minimum. In 1999, aggravated battery was a Class III felony subject to a sentencing range of two to five years. There is no case that says the amount of sentencing credit that's promised or suggested would go to the voidness of the sentence itself. Rather, all of the case law suggests that sentencing credit is a voluntariness issue and it goes to the voluntariness of the plea. In his 214-01 petition, defendant did not raise any allegations that is true. Why doesn't White guide us that the sentence and credit are or the actual years imposed and the credit against those years are all part of a sentence? And if a sentence is not permitted under the law, including the amount of credit that the judge wants to impose, why shouldn't we under White say, sounds like a void sentence, we're going to undo it all? In White, the sentence was void because it didn't comply with statutory requirements. It did not include the mandatory firearm. What does the statute say about credit for time in custody? Doesn't it say that you're only entitled to credit for the time you actually spend in custody on the offense when it doesn't also include time in custody for a pending conviction? That's correct. Statutory in that sense, isn't it? In that sense. But in this case, the actual sentence is two years, and the sentencing credit is just the recommendation of the trial court. It is not part of the actual sentence that defendant pleads to. His sentence of two years is statutorily permissible. It's the statutory minimum. Don't you think there's some credence to what Justice Palmer pointed out, that the offer was two years, which was the minimum, credit of 353 days, which, as Justice Lankin pointed out, would make it a wash. So, in effect, the offer is no more time in custody, and why isn't that really the crux of the bargain, no more time in custody? And that's certainly not the outcome that he's facing now. That all goes to the voluntariness of his plea, though, and not the voidness of the sentence itself. And the voluntariness of the plea is not saved by allegations. It's a bit harsh, I think, to say the defendant voluntarily pled guilty when the promise he was given was no more time in custody. But, in reality, we know down the line he's going to have to spend some time in custody, at least a year. I don't see why, when that offer was extended to him, it was offered by the judge or the prosecution. The defendant had nothing to do with it. I mean, it's not as if he brought it up. That was offered to him as an inducement to plead guilty. Why should we say this is only a voluntariness? Why isn't it a fairness or voidness issue? It's not his fault, is it? He did agree to the sentence, and in the Whitfield line of cases in the progeny, this state has recognized that sometimes there is a right without a remedy. In this case, there's no remedy for defendant. We can't go back and specifically enforce the sentencing credit that he's asking for because that would be against the statutory language, and he can't receive anything less than two years if there is a right without remedy. So why should we allow him to vacate his plea of guilty and begin again because the error that arose, he didn't contribute to it. It was all on the part of the judge or the assistant state's attorney. Procedurally, then, defendant needs to follow the proper procedures, and jurisdictionally, we have no claim of involuntariness here. Defendant would need to raise a complaint. But if it's void, it's void ab initio, like counsel argued, no? Correct, but the sentence of two years is not void, and the sentencing credit does not render that sentence of two years void. What authority do you have for the sentence alone not rendering a sentence void? I don't believe there's a case that specifically speaks to that issue, but the majority. Why should we issue such a ruling in this case? It follows from the line of cases that hold that the issue of sentencing credit that goes to a defendant is an issue of voluntariness of the plea and not the sentence itself and the voidness or the correctness of the statute. What case do you cite for that proposition? People v. Sanders, 115 Illap 3rd, 364, and that's 4th District, 1983. Let me say this. Regarding the voluntariness, I just find it a little harsh to impose that voluntariness or that right without a remedy or that wrong received by the defendant without a remedy when he absolutely voluntarily pled guilty, but he pled guilty to the understanding that had been reached by all the parties and to now say he had only two years to come to realize that the agreement that was struck could not be fulfilled by anyone, that he's out of luck. Why shouldn't we say the state should be out of luck and the state should have to do it over again? As Your Honor pointed out earlier, the prejudices at this point, given the passage of time, have shifted towards the state. Well, maybe that's the wrong that has no remedy because the wrong originated with the state or at least the judge. At this point, though, 11 years have passed since the underlying aggravated battery and the state's ability to try this case has been severely compromised at this point. As Your Honor pointed out, defendant has no obligation to mount a defense. At this point, defendant has received the minimum of two years. He's no worse off than he would have been. There's really nothing this court can do at this point to give him what he originally pled for because it was statutorily ineligible. But that doesn't render the sentence itself of two years void where it did comply with the statutory minimum. So let's say we have this opinion that we need to write and we not only consider the case before us but the cases in the future and are similar cases that might arise under similar circumstances. And to the extent that we want this never to occur again, why shouldn't our decision be that the sentence is void, the plea of guilty must be vacated, and spread the word to all the judges that they cannot offer more credit than the defendant is statutorily entitled to to induce the defendant to plead guilty? And why isn't that really the best result? As Your Honor pointed out earlier, voidness is the ultimate claim and nothing trumps voidness. It's a drastic remedy. In this case, there's nothing to say that two years is void. And so it would be an impermissible expansion of the concept of voidness to say that the amount of sentencing credit can suddenly impact the sentence itself. As you pointed out before, there are often mistakes in the calculation of sentencing credit. Sometimes they're off by 10 days, sometimes they're off by more, and it would be an impermissible expansion of the concept of voidness to hold all of those sentences void now, even though the sentence itself is statutorily permissible. Like you pointed out, there are some wrongs that don't have remedies, but it just seems that this wrong, the only person who's going to suffer from it is the defendant. Well, also the correctional officer that was the victim of the aggravated battery, his ability to testify and competently testify has been compromised at this point. But who knows what he would have said back then either. That's true. All right. For these reasons and those stated in our brief, we ask that you affirm the trial court's dismissal of defendant's untimely 214-01 petition. Thank you. Thank you. Ms. Serino, very briefly. Our office had a continuing legal education course yesterday, and I remember this quote that resonated with me. And it was from the U.S. Supreme Court. Our system of justice with 94% of the cases in criminal courts are pleas of guilty, so that our system of justice is more of pleas than of trials. And I offer that to you because this is an important case with two critical issues, voidness and voluntariness. He cannot agree to a sentence that you don't quite know everything about. If I gather from the questions that were posed to the prosecutor, yes, the defendant received the minimum sentence. Yes, we all wish we could fashion a sentence that would give him what he wanted, the inducement. But what's missing here is defendant's choice. He had a choice that was denied him, that was deprived of him, because of the illegal improper inducement. And for these reasons, we ask that this court find that his judgment was void and demand it for an opportunity for him to plead anew. The State's attorney made an interesting point, and that was that we get cases all the time where kind of at the tail end of the brief, it says, you know, he didn't get as much time credit as he was supposed to get, and so we want you to give him that time credit. And many times, most times, the State usually agrees and says, yeah, they're right about that, go ahead and amend the minimus. Well, should we come away from this hearing today with the belief that in every one of those cases, that was a void sentence? Apples and oranges, Your Honor. Tell me why. Because that is not the bargain. Here it was the bargain. It was the inducement for the plea. You know, the voluntariness, to me, we're mixing voidable and void. In a legal sentence, a sentence outside of the statutory permitted range is void. A sentence that's imposed after improper admonitions or if there was some mistake as to what the bargain was, that's all voidable. That's voidable. That's not void. A void sentence is an illegal sentence. It's something that the court has no power to give. Right. But let's say if I'm a trial judge and I give admonitions, plea admonitions, to a defendant, and I say your potential penalty is anywhere from three to 50 years, and the defendant goes, oh, I'm going to plead guilty because I don't want to face 50 years, so I'll take the three. And I was wrong about that. Okay? That's not an illegal sentence. That three-year sentence is not an illegal sentence. It's a voidable sentence. And that's the difference. And this case comes down to one question, one question alone. Is this void or is it voidable? Okay? If it's voidable, he's too late. If it's void, it's void. Okay? So my question is going back to let's forget it. Let's put benefit of the bargain aside and all that because I think he's too late for that. Okay? Is it illegal? Is it an illegal sentence? Well, we know that the number of days is illegal. Right? But my question is, and I think everyone's question is, does that make the whole thing illegal? Okay? Is the only thing that we can do is vacate the plea and send it back and start over again? And so getting back to my original question, all these times when we have signed off on amending the minimus to change, have we been looking at void sentences? Are those void? I think Your Honor is introducing a term, voidable, that has no business, when you're speaking of bad admonishments. Bad admonishments, what comes to mind is not 402A, not 140B, constitutional law. I think that's what makes it wrong. And when that happens, the plea gets vacated. So we're not talking about voidable. If the plea gets vacated, if he's timely. Yes. The only reason that your client's case is here, 11, 12 years down the road, is because the claim is that it's void. And my question is, and I think Justice Garcia has a similar question, every time that we've changed the minimus to reflect the appropriate number of days, does that mean that we've been looking at all those are all void sentences? It's just an improper calculation. Oftentimes it's just a ministerial. Is this a case of an improper calculation, or is there some distinction between an improper calculation or just an illegal sentence? Well, I've advanced many of those arguments with minimus problems, and that's ministerial miscalculation. But it doesn't affect, it has nothing to do with the plea agreement. That's the core here. That's the core of white. It deals with knowing involuntary. It wasn't knowing involuntary in white, and that's our position here. Again, getting back to white was the situation where it was a void sentence because there was a statutory firearm enhancement that was not imposed. That's why it was void. My question is, and we'll all go back after today and re-read white, but Mike, what was the timeliness situation with regard to white? Less than a month. All right. So, you know, the involuntariness, thank you, Justice Lansing, the involuntariness issue can be brought up still in a timely fashion, even though I would submit that that's a voidable question as opposed to a void question. Harkening back to one of your questions previously, I didn't get an opportunity to answer why are we here. Are we only here because of voidness? And my response would be twofold. We're here because of voidness and because of the plea agreement. What you're saying is it's difficult to sort out or separate the voluntariness from the void sentence because they go hand in hand. He pled guilty because he was offered what turned out to be a void sentence, as you characterized it. Well, to clarify this then, are you saying that voluntariness, or I should say involuntariness, equals voidness? No, Your Honor. It's two separate things. Okay. Then how is it that if we have to get back into this voluntariness question, how is it that if we're talking about voluntariness, you can talk to us about it 11 years down the road? This is his first opportunity. 214.01, you can bring this up at any time. Where does it say that? Vincent said that. You can bring it up at any time if you're alleging voidness. You and I are running around in circles. I'm asking you does involuntariness equal voidness? If the answer is no, then you're not claiming it's void, and therefore you're out of time. You're saying involuntariness equals voidness in your client's case. Yes, Your Honor. I think that's what he's saying. Okay, there you go. Thank you. I knew we'd get you there. All right, well, thank you very much. And I thank both sides. And the case will be taken under advisement.